# DESMEDT v CITY OF NORTH MIAMI BEACH, et al.
## Case No. 86-128 AP
Eleventh Judicial Circuit, Appellate Division, Dade County
July 2, 1987

## APPEARANCES OF COUNSEL

**Julian R. Benjamin** for appellant.
**Daniel E. Jonas** for appellee, Southeastern College.

**Howard Lenard,** City Attorney, and **Lauren Levy Miller,** Assistant City Attorney, for appellee, City of North Miami Beach.

Before HENDERSON, SALMON, ROBINSON, JJ.

## OPINION OF THE COURT

STEVEN D. ROBINSON, Judge.

John Desmedt, the appellant seeks to void Resolution R84-109A, rendered April 15, 1986, by the City Council of the City of North Miami Beach. The resolution granted a six month extension to a variance benefitting the campus extension of the appellee, Southeastern College of Osteopathic Medicine (College).

Resolution R84-109 was passed on January 15, 1985, granting multiple zoning variances to the College. The variance was conditioned on the College obtaining a building permit within six months. Desmedt attacked the City's decision by a timely civil action filed in the General Jurisdiction Division of this Court. Losing at the trial level, Desmedt appealed the case at various levels. The Supreme Court finally denied a Petition for Writ of Mandamus on October 17, 1985. Exactly six months later the City issued a building a permit.

. In addition to other grounds, the College defends this appeal on the ground that Resolution R84-109A was unnecessary because the time for applying for a building permit was tolled during the pendency of Desmedt's legal attack. This argument was raised in a Motion to. Dismiss which was denied by the Administrative Judge of this division but permitted to be raised in this appeal, presided over by this three judge panel. This panel agrees with the tolling argument and adopts the rational stated in *Belfer v. Building Commissioner of Boston,* 291 N.W. 2d 857 (Mass. 1973).

[If the time were not tolled], a variance which was lawfully awarded can be frustrated by the delay inherent in an appeal. Unless an appeal tolls the time period, many variances would be meaningless.

No one can expect an applicant to begin construction without assurance that the applicant has a legal right to do so. Wherein a City Code allows citizens to appeal its zoning decisions, implicit is a protection to the landowner that except for loss of time, his right, conferred by the City is vested.

This reasoning makes it unnecessary to consider the points raised on appeal concerning the remedial measure taken by the City to protect the College, Resolution R84-109A.

**150**

Appellant also argues that the College's approval granted in R84-109 was voided by the Commission which subsequently changed its ordinance relating to parking space sizes. North Miami Beach's Code, Sec. 24-89 voids variances to the extent that conflict exists between the variances and the ordinance's change. Here there was no conflict because the new size requirements were more similar to the parking space allowed in the variance than the former requirements.

Based on the foregoing, this appeal is dismissed because the College had already complied with the challenged requirements of Resolution R84-109.

HENDERSON, SALMON, JJ., concurring.